﻿Citation Nr: AXXXXXXXX
Decision Date: 02/28/20 Archive Date: 02/27/20

DOCKET NO. 190624-12141
DATE: February 28, 2020

ORDER

Entitlement to an initial rating of 10 percent, but no higher, for right and left hammertoes is granted.

FINDING OF FACT

The Veteran’s right and left hammertoes have resulted in pain throughout the appeal period.

CONCLUSION OF LAW

The criteria for a 10 percent rating, but no higher, for right and left hammertoes have been met throughout the appeal period. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.2, 4.7, 4.10, 4.21, 4.71a, Diagnostic Code (DC) 5282.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 1977 to March 1984, from November 2002 to July 2003, September 2006 to April 2009, September 2009 to September 2010, and from January 2011 to March 2012.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a May 2019 Statement of the Case of a VA regional office (RO). In June 2019, the Veteran opted in to AMA, selecting the Direct Review by a Veterans Law Judge (VLJ) option, indicating that the Veteran did not want a Board hearing and would not be submitting additional evidence in support of his appeal.

The Board is aware of additional evidence received from the Veteran subsequent to the May 2019 Statement of the Case. As the Veteran has elected for direct review under the AMA, this evidence cannot be considered by the Board in the context of the present appeal. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Specific instructions for filing a Supplemental Claim are included with this decision. 

Increased rating for bilateral hammertoes from August 1, 2016, to May 30, 2019

Disability ratings are determined by the application of VA’s Schedule for Rating Disabilities. 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during service and the residual conditions in civil occupations. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.321(a), 4.1.

The determination of whether an increased rating is warranted is based on review of the entire evidence of record and the application of all pertinent regulations. Schafrath v. Derwinski, 1 Vet. App. 589 (1991). Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

The Board will consider entitlement to staged ratings to compensate for times since filing the claim when the disability may have been more severe than at other times during the claim on appeal. Fenderson v. West, 12 Vet. App. 119 (1999).

The intent of the Rating Schedule is to recognize actually painful, unstable or malaligned joints, due to healed injury, as entitled to at least the minimum compensable rating for the joint, even in the absence of arthritis, to include in situations where the disability at issue is not evaluated based on range of motion measurements. 38 C.F.R. § 4.59; Burton v. Shinseki, 25 Vet. App. 1, 5 (2011); Southall-Norman v. McDonald, 28 Vet. App. 346 (2016).

The Veteran has been assigned a noncompensable or zero percent rating for bilateral hammertoes effective August 1, 2016 under DC 5282 for hammertoes. Pursuant to DC 5282, hammertoe affecting single toes are assigned a noncompensable rating. Where hammertoe effects all toes, unilateral without claw foot, a 10 percent rating is assigned. A 10 percent rating is the highest schedular rating available for hammertoes. 38 C.F.R. § 4.71a. 

At a January 2018 VA examination, the Veteran reported that his toes remained bent on both feet with pain, especially associated with walking. The Veteran rated the pain a 7 out of 10. He stated that the hammertoes have progressively worsened since onset. The Veteran used orthotics for foot support. An examination of the feet found hammertoes on the third, fourth, and little toes of the right and left feet. The examiner found that pain did not contribute in functional loss, as the Veteran’s gait was normal, and he was able to walk barefoot during the examination. The Veteran had scars on the right dorsal fifth toe, left dorsal fourth toe, and left dorsal fifth toe resulting from hammertoe repair surgery undergone in 2016. The scars were not painful and not unstable. The scars were healed and non-tender to palpation. The examiner found no pain on examination and noted that passive range of motion was unchanged from active range of motion and/or range of motion on repetitive testing. The examiner diagnosed mild flexible bilateral hammertoes of the second and third toes, and status post left fourth and fifth hammertoe surgery.

An October 2018 private disability and benefits questionnaire diagnosed bilateral hammertoes, bilateral metatarsalgia, and a tailor’s bunion of the fifth metatarsal bilaterally. The Veteran reported pain, and stated that the pain caused difficulty walking. 

VA and private medical records from throughout the appeal period document consistent complaints related to bilateral hammertoes, specifically painful toes, lesions and calluses. The Veteran consistently reported that the pain was exacerbated by walking or wearing shoes. In October 2016, the Veteran underwent left foot surgery, specifically osteotomy and arthroplasty of the fourth and fifth toes. In March 2017, the Veteran underwent the same surgery for the right toes. In September 2018, the Veteran had lesions debrided. Other medical records noted pronated gait.

After review of the record, the Board finds that the Veteran’s right and left foot hammertoes were painful throughout the appeal period. VA and private medical records, as well as the VA examination report, document pain in multiple toes on both feet during the entire appeal period due to hammertoes. This pain is worsened by walking more than 15 minutes and/or wearing shoes. Given the evidence that the Veteran’s right and left hammertoes were painful, the Board finds that the disability picture presented more closely approximates the criteria for a 10 percent rating than that for a noncompensable percent rating. As such, the Veteran’s left and right hammertoe disabilities warrant separate 10 percent disability ratings throughout the appeal period. See Southall-Norman, 28 Vet. App. at 354. 

The Veteran is now in receipt of 10 percent evaluations for each foot pursuant to DC 5282 for hammertoes. This is the maximum evaluation under this code. The Board observes that higher evaluations are available for other disabilities of the feet; however, there is no evidence demonstrating claw foot or malunion or nonunion of the tarsal or metatarsal bones. Thus, a higher evaluation is not available. Moreover, while higher evaluations are available for other foot injuries, examination reports specify that there is no indication of any other foot injury. The January 2018 VA examination report indicated the Veteran had scars on the right dorsal fifth toe, left dorsal fourth toe, and left dorsal fifth toe resulting from hammertoe repair surgery undergone in 2016. As the scars were not painful or unstable, the Board finds that a separate rating is not warranted for the scars. 

Accordingly, a 10 percent rating for painful hammertoes of both the left and right foot is warranted during the entire appeal period. However, the preponderance of the evidence is against a finding that a rating higher than 10 percent for the hammertoes is warranted at any time during the appeal period. 

 

 

K. MARENNA

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board H. Ahmad

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.